IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00054-RLV
(5:11-CR-00052-RLV-1)

| | |
|---|---|
| GARY RICHARD LACKEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence which was filed pursuant to 28 U.S.C. § 2255. No response is necessary from the Government.

## I.  BACKGROUND

On February 25, 2011, the Government filed a criminal complaint against Petitioner and a co-defendant and charged them with one count of conspiracy with intent to possess and distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a) and 841(b) (Count 1), and one count of possession of a firearm in furtherance of the conspiracy drug offense, in violation of 18 U.S.C. § 924(c) (Count 2). (5:11-CR-00052, Doc. No. 1: Complaint). Petitioner was arrested that same day and appointed counsel and he later executed a written waiver of his right to indictment.[1] The Government filed an information pursuant to 21 U.S.C. § 851 notifying Petitioner of its intention to seek enhanced penalties based on his prior conviction in the Middle District of North Carolina on one count of distribution and possession with intent to distribute

---

[1] Petitioner's court appointed counsel was allowed to withdraw after Noell Tin filed a general appearance of counsel.

1

cocaine. (Id., Doc. No. 23). Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to Count 1 in exchange for the Government's agreement to dismiss Count 2 at the appropriate time. (Id., Doc. No. 24: Plea Agreement).

On September 20, 2011, Petitioner appeared with counsel for his Plea and Rule 11 hearing and he was placed under oath.[2] Petitioner averred that he had reviewed the elements of Count 1 with his attorney and that he understood the charge and the potential term of imprisonment he faced upon conviction which was no less than ten years and not more than life imprisonment based on his prior drug conviction. Petitioner stated that he had reviewed how the Sentencing Guidelines might apply to his case and that he could receive a sentence that was greater or less than the sentence called for by the Guidelines. In addition, Petitioner averred that he may receive a sentence that was more severe than he expected but that he would nevertheless be bound by his guilty plea and have no right to withdraw it.

The Government summarized the terms of the plea agreement and in particular, the Government noted that the § 851 Information had been filed and that if Petitioner was convicted he faced a statutory term of no less than 10 years and not more than life imprisonment. Petitioner acknowledged that he had carefully reviewed the plea agreement with his attorney and that he understood and agreed with the terms of the plea agreement. Petitioner confirmed that no one had threatened, intimidated or forced him to enter his guilty plea and that he was satisfied with the services of his attorney. Petitioner signed the Acceptance and Entry of Guilty Plea form in open court and the court accepted Petitioner's plea of guilty after finding that it was knowingly and voluntarily entered; that Petitioner had reviewed the charge against him and the minimum

---

[2] Mr. Noell Tin did not appear with Petitioner for his Plea and Rule 11 hearing. Instead, an attorney with his firm, Ms. Melissa Owen, appeared on Petitioner's behalf and Petitioner expressly informed the court that he consented to proceed with her representation during the hearing. (Id., Doc. No. 47: Tr. of Plea and Rule 11 Hearing at 2, 5).

2

and maximum penalties he faced with his attorney; and that Petitioner understood the minimum and maximum penalties he faced. [Id., Doc. No. 26: Acceptance and Entry of Guilty Plea).

On June 5, 2012, Petitioner appeared with Mr. Tin for his sentencing hearing. The Court addressed the Petitioner and confirmed that he understood the charge against him and potential penalties, and the Court affirmed the magistrate judge's acceptance and entry of guilty plea. The Court also observed that the plea agreement included Petitioner's stipulation that he had a valid prior drug conviction under § 851 that subjected him to a statutory term of no less than 10 years and not more than life imprisonment. (Plea Agreement at 1-2; Doc. No. 45: Tr. of Sentencing Hearing at 4). Petitioner was sentenced to the statutory mandatory-minimum of 120-months' imprisonment and he filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 39: Judgment in a Criminal Case).

On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and contended that there were no meritorious issues to present on appeal, but inquired whether the court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure during his plea hearing. Petitioner filed a pro se supplemental brief and raised a claim of ineffective assistance of counsel arguing that his counsel failed to explain that he faced a mandatory minimum sentence based on his § 851 Information. The Court rejected appellate counsel's challenge to the Rule 11 hearing after finding that the magistrate judge complied with the requirements of Rule 11 during his plea colloquy. Notably, the Court found that the magistrate judge informed Petitioner about the sentence he faced and the Court confirmed that Petitioner's guilty plea was knowingly and voluntarily entered. The Court dismissed Petitioner's pro se ineffective assistance of counsel claim after finding that the record

did not conclusively establish ineffectiveness and affirmed Petitioner's judgment in all respects. United States v. Lackey, 505 F. App'x 239 (4th Cir. 2012).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this § 2255 proceeding, Petitioner raises three claims of ineffective assistance of trial counsel. First, Petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel because his counsel induced him into pleading guilty by providing misleading advice about the possible sentence he could receive. (5:14-CV-00054, Doc. No. 1 at 4). Second, Petitioner argues that his counsel was ineffective in failing to advise him of the collateral consequences of pleading guilty. (Id. at 5). Finally, Petitioner argues that his counsel was ineffective by not moving to withdraw his guilty plea after the Government committed acts of bad faith. (Id. at 7).

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have the right to the effective assistance of counsel for his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In

4

measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice, Petitioner must demonstrate "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Murray v. Carrier, 477 U.S. 478, 493 (1986) (emphasis omitted) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner falls short of meeting his burden here, then "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the performance prong, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Finally, in the context of a guilty plea, in order to demonstrate prejudice a petitioner must present a reasonable probability that but for counsel's allegedly deficient conduct, he would have elected to plead not guilty and insisted on proceeding to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

A.  Ground One

Petitioner first contends that that his trial counsel was ineffective because his counsel induced him to plead guilty by erroneously informing him about the possible sentence he faced upon conviction. This argument is without merit because it is plain from a review of the record that Petitioner in fact knew what penalty he faced, and his assertions here, which are submitted under oath, are directly contradicted by his sworn assertions during his Rule 11 hearing.

During his Rule 11 hearing, Petitioner averred that he had reviewed the potential term of imprisonment he faced upon conviction and that he had reviewed and agreed with the terms of his plea agreement which included his acknowledgement that he understood that he faced a mandatory term of not less than ten years and not more than life based on the conviction identified in the Government's § 851 Information. Petitioner also averred that no one had promised him anything in exchange for his guilty plea and that there were no agreements that were not contained in the written plea agreement.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement "carry a strong presumption of verity." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Courts "must be able to able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" White, 366 F.3d at 295-96 (quoting Blackledge, supra). Furthermore, even assuming that Petitioner's assertion that his attorney mislead him about his potential sentence is true, the information provided by the court during his Rule 11 hearing clearly informed Petitioner that he faced no less than 10 years and not

6

more than life imprisonment based on the § 851 Information and he averred that he understood this potential sentence. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (recognizing that "any misinformation [defendant] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [defendant] was not prejudiced."); United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert. denied, 513 U.S. 1060 (1994) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant.").

For the foregoing reasons, Petitioner's first claim for relief will be denied.

B.      Ground Two

Petitioner's second claim that his counsel did not inform him about the collateral consequences of his decision to enter his guilty plea fares no better because it depends on a finding that his guilty plea was not knowingly and voluntarily entered. Again, as the Court has already observed, Petitioner stipulated in his plea agreement that the prior drug offense that the Government noticed under § 851 subjected him to a statutory minimum of 10-years in prison and a maximum term of life. See (5:11-CV-00052, Doc. No. 24: Plea Agreement ¶ 4: "Defendant stipulates, agrees, and affirms that he has a valid predicate prior felony conviction(s) under 21 U.S.C. 851 and that he has no challenge to the same; thus he is facing a mandatory statutory sentence of not less than ten (10) years nor more than life imprisonment, and a $10,000,000 fine."). And Petitioner admitted under oath during his Rule 11 hearing that he understood the terms of his plea agreement and that he agreed with those terms, and that he understood the term of imprisonment he faced and other collateral consequences he faced following conviction thus

7

any alleged failure to inform him of the consequences of his guilty plea was corrected during his Rule 11 hearing.

For the reasons stated herein, this claim for relief will be denied.

C.     Ground Three

In his final claim for relief, Petitioner contends that his trial counsel should have moved to withdraw his guilty plea after the Government acted in bad faith. This claim is likewise without merit. Petitioner argues that the Government filed the § 851 Information "in contra to the spirit and express terms of the Plea Agreement entered into the day before." (5:14-CV-00054, Doc. No. 1-1 at 10). On September 16, 2011, the Government filed its § 851 Information and the plea agreement was filed that same day. While it is true that the plea agreement was signed by the Petitioner and his counsel before the Government filed the § 851 Information, the plea agreement expressly provides that Petitioner has a qualifying conviction under § 851, and that he stipulates that the prior conviction subjects him to no less than 10 years' imprisonment. Accordingly, there is simply no showing of bad faith by the Government because each party agreed to the existence and application of the § 851 enhancement in the plea agreement and during the Rule 11 hearing. Moreover, Petitioner never moved to withdraw from the plea agreement and he knowingly and voluntarily proceeded with his Rule 11 hearing and entered his guilty plea.

IV.     CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence is **DENIED** and **DISMISSED.** [Doc. Nos. 1].

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 19, 2014

Richard L. Voorhees
United States District Judge